**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADAN MARTINEZ-HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.   16-73569
         17-70968

Agency No. A087-164-286

MEMORANDUM*

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

In these consolidated petitions for review, Adan Martinez-Hernandez, a

native and citizen of Mexico, petitions for review of the Board of Immigration

Appeals' ("BIA") orders denying his first and second motions to reopen removal

proceedings conducted in absentia, and his motion to reconsider the denial of the

first motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen or reconsider, and review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

In No. 16-73569, the agency did not abuse its discretion in denying Martinez-Hernandez's first motion to reopen, where he failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and therefore did not establish that the alleged ineffective assistance of prior counsel constituted exceptional circumstances for failing to appear at his hearing. *See Reyes v. Ashcroft*, 358 F.3d 592, 596-98 (9th Cir. 2004) (stating that ineffective assistance of counsel may qualify as an exceptional circumstance, but denying relief because petitioner failed to comply with *Matter of Lozada*).

In No. 17-70968, the BIA did not abuse its discretion in denying Martinez-Hernandez's motion, construed as a motion to reconsider, for failure to identify any error of fact or law in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1).

In No. 17-70968, the BIA did not err or abuse its discretion in denying Martinez-Hernandez's motion, construed as a second motion to reopen, as untimely and number-barred, where he filed the motion nearly two years after the applicable filing deadline, and he failed to present sufficient evidence of changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Salim v. Lynch*, 831 F.3d 1133, 1137

(9th Cir. 2016) ("[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen."); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions). We reject Martinez-Hernandez's contention that the BIA ignored evidence and arguments presented in his motion, or insufficiently explained its decision. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

Martinez-Hernandez's motion to remand is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITIONS FOR REVIEW DENIED.**